o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MICHELLE DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | Civil Action No. L-13-170 |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff appeals the Defendant's denial of her application for disability insurance and supplemental security income benefits. Pending before the Court are the Plaintiff's (Dkt. 14) and the Defendant's (Dkt. 16) cross-motions for summary judgment.

## Background

On April 14, 2010, Plaintiff applied for disability insurance and supplemental security income benefits from the Social Security Administration (SSA), claiming that her disability began on January 25, 2010. (Tr.[1] at 19.) Two separate SSA Disability Examiners denied this application initially and again on reconsideration. (Id. at 55-60.) Plaintiff applied for a hearing with an Administrative Law Judge

---

[1] The Administrative Transcript (Tr.) is filed as Docket Number 12 in this case.

(ALJ), who upheld the denial on June 28, 2012, finding that the Plaintiff was not disabled between January 25, 2010 and the date of the ALJ's decision. (Id. at 24-25.) The Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request for review on May 24, 2013. (Id. at 6-11.) Plaintiff now asks this Court to review the denial of benefits. (Dkt. 1.)

Disability is defined by statute as inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (defining "disability" for disability insurance benefits program); 42 U.S.C. § 1382c(a)(3)(A) (defining "disability" for supplemental security income benefits program).

The SSA follows a five-step procedure to determine whether an applicant is disabled.[2]  20 C.F.R. §§ 404.1520(a),

---

[2] First, if the applicant has engaged in any substantial gainful activity during the relevant period, the applicant is not disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). Second, if the applicant does not have a severe, medically-determinable impairment, the applicant is not disabled. Id. Third, if the severity of the applicant's medical impairments meets or exceeds the severity of impairments in a predetermined list, the applicant is disabled. Id. Fourth, if the applicant can perform his or her past work, he or she is not disabled. Id. Fifth and finally, if the applicant could find other work that is suitable to his or her age, work experience, and education, he or she is not disabled. Id. If the SSA finds that an

416.920(a).[3]  Here, on the first step, the ALJ found that Plaintiff "has not engaged in substantial gainful activity" during the relevant time period. (Tr. at 21.) On the second step, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine status post laminectomy and fusion; cervical disc bulges at C5-C6 and C6-C7; and obesity." (Id. at 21-22.) On the third step, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Id. at 22.)

At the fourth step, the ALJ found that the Plaintiff is not disabled, and he therefore ended his analysis without reaching the fifth step. Specifically, the ALJ found that Plaintiff could "perform sedentary work . . . except the [Plaintiff] can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and cannot climb ladders, ropes, and scaffolds." (Id. at 22.) Based on this determination and on a

---

applicant is or is not disabled at any step, it ends its analysis. Id.

[3] Part 404 of Title 20 of the Code of Federal Regulations deals with social security disability benefits. Part 416 of Title 20 deals with supplemental security income benefits. Because the Plaintiff applied for benefits under both programs, the Court will provide parallel citations to both regulations. However, except where otherwise noted, these parallel citations refer to identically worded regulations.

vocational expert's testimony, the ALJ determined that the Plaintiff could still perform her "past relevant work as a receptionist and credit clerk," and so she was not disabled. (Id. at 22-25.)

Plaintiff appealed to the Appeals Council, submitting new evidence along with the appeal. This new evidence included answers to an interrogatory and treatment notes from Dr. Carlos R. Velasco. (Id. at 11, 474-83.) In answering the interrogatory, Dr. Velasco assessed the Plaintiff's ability to do work-related tasks such as concentrating and remaining upright for extended periods of time. (Id. at 474.)

The Appeals Council denied Plaintiff's request for review. (Id. at 6.) In its notice of action, the Appeals Council stated that "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council[, including Dr. Velasco's submission] . . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Id. at 6-7, 11.) The Appeals Council did not otherwise discuss Dr. Velasco's new evidence. (See id. at 6-12.)

## Procedural Posture

The Plaintiff filed a Complaint, asking this Court to review the Defendant's denial of her application for benefits. (Dkt. 1.) The Plaintiff has filed a motion for summary judgment

(Dkt. 14) with a memorandum in support (Dkt. 15).  The Defendant has filed a response and cross-motion for summary judgment (Dkt. 16), to which the Plaintiff has replied (Dkt. 17).

The Plaintiff's sole claim is that the Appeals Council did not properly consider Dr. Velasco's newly-submitted evidence, which "dilute[s] the record upon which the ALJ's decision was based such that the ALJ's decision is not substantially supported."  (Dkt. 15 at 1, 12-15.)  Therefore, the Plaintiff asks the Court to reverse and remand the case so that the SSA can properly consider Dr. Velasco's opinion.  (Id. at 15.)  The Defendant argues that the Appeals Council was not required to provide a detailed discussion of the new evidence, and the ALJ's decision is not diluted by the new evidence.  (Dkt. 16 at 5-9.)  Therefore, the Defendant asks this Court to affirm the SSA decision.  (Id. at 9.)

### Jurisdiction and Standard of Review

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g), which establishes district court review of the SSA Commissioner's disability insurance benefits decisions, and 42 U.S.C. § 1383(c)(3), which establishes district court review of the SSA Commissioner's supplemental security income decisions.[4]

---

[4] While there is a separate jurisdictional statute for supplemental security income, it incorporates 42 U.S.C. § 405(g), the jurisdictional statute for disability insurance benefits.  42 U.S.C. § 1383(c)(3).

The Court may enter a judgment "affirming, modifying or reversing" the Commissioner's decision based "upon the pleadings and the transcript of the record." 42 U.S.C. § 405(g). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. Id. This Court's review is limited to determining (1) whether "the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

## Discussion

By regulation, the Appeals Council must evaluate new evidence submitted to it if the new evidence is material. 20 C.F.R. §§ 404.970(b), 416.1585(a).[5] Further, courts must

---

[5] The precise wording of these regulations differs somewhat. Ultimately, however, both regulations clearly demonstrate that the Appeals Council must consider new evidence that is material. The regulation related to social security disability benefits provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

consider any new evidence that is properly before the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332, 336-37 (5th Cir. 2005). Thus, new and material evidence submitted for the first time to the Appeals Council must be considered both by the Appeals Council and by this Court.

Here, the new evidence presented to the Appeals Council included Dr. Velasco's answers to an interrogatory, dated March 9, 2012, and his attached treatment notes. (Tr. at 11, 474-83.) In his answers to the one-page interrogatory, Dr. Velasco states that he has treated Plaintiff since May 27, 2011 for chronic low back pain, lumbar post fusion, and retained hardware from lumbar post fusion. (Id. at 474.) He lists Plaintiff's symptoms as "weakness, numbness and pain at low back and bilat[eral] hands." (Id.) He opines that Plaintiff could not "maintain attention and concentration for 2 hours at a time" due to "pain" and "physical limitations." (Id.) He further opines that Plaintiff "need[s] to be able to shift positions at will from sitting, standing, or walking" and that Plaintiff will "need to lie down

---

20 C.F.R. § 404.970(b) (emphasis added). In contrast the regulation related to supplemental security income provides:

> Generally, the Appeals Council will not consider evidence in addition to that introduced at the hearing. However, if the Appeals Council believes that the evidence offered is material to an issue it is considering, the evidence will be considered.

20 C.F.R. § 416.1585(a) (emphasis added).

or elevate the legs at unpredictable intervals" six to ten times during an eight-hour day. (Id.) He also opines that Plaintiff would be unable "to work on a sustained basis for 8 hours per day, 40 hours a week" and that she would "on the average . . . be absent from Work as a result of the impairments or treatment" more than three times a month. (Id.)

There is no real doubt that Dr. Velasco's opinion was "material."[6] Here, the new evidence was material because the ALJ did not consider any other medical opinion about the Plaintiff's ability to perform work-related tasks such as concentrating, remaining upright for extended periods of time, or adequately attending work. (See Tr. 21-24 (ALJ opinion, citing treatment notes but not medical opinions).) Therefore, the Appeals Council was required to evaluate this new evidence because it is material. See 20 C.F.R. §§ 404.970(b), 416.1585(a).

---

[6] The SSA regulations do not define "material." However, in the similar context of a district court's consideration of new and material evidence in a social security appeal, the Court of Appeals for the Fifth Circuit held that evidence is "material" if there is a "reasonable possibility that it would have changed the outcome of the Secretary's determination." Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994) (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)). Further, the Defendant does not explicitly argue that Dr. Velasco's opinion was immaterial.

Under SSA regulations, "controlling weight" is given to an opinion from a treating source[7] that is about "the nature and severity" of an applicant's impairments, provided that the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the applicant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not given "controlling weight," the SSA must determine the weight to assign it based on a number of factors. Id. Moreover, the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it] give[s the applicant's] treating source's opinion." Id.

The Defendant argues that Dr. Velasco's opinion "concerns an issue reserved for the Commissioner" and therefore is not entitled to any special weight under the above regulations. (Dkt. 16 at 8-9.) By regulation, some opinions from medical

---

[7] "Treating source" is defined as the applicant's "own physician, psychologist, or other acceptable medical source who provides [the applicant], or has provided [the applicant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the applicant]." 20 C.F.R. §§ 404.1502, 416.902. Dr. Velasco reports treating Plaintiff since May 27, 2011. (Tr. at 474.) Moreover, Dr. Velasco's treatment notes indicate that he received Plaintiff's lab results, made referrals for her, and gave her medicine prescriptions. (Id. at 476-83.) Moreover, the Defendant never claims that Dr. Velasco is not a treating source. (See Dkt. 16.) Therefore, Dr. Velasco is rather clearly a treating source.

sources are not entitled to "special significance" because they "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d). The regulations give some examples of opinions on issues reserved to the Commissioner, such as opinions that an applicant is disabled, is unable to work, or has a particular residual functional capacity.[8]  Id. However, here, Dr. Velasco's opinions are not dispositive findings, and so they are not issues reserved to the Commissioner under the regulation.  See id.  True, if Dr. Velasco's opinions are credited, it is likely that the Plaintiff would be found to be disabled.  However, an additional analytical step, and perhaps even expert vocational testimony, would be required to make this finding that Plaintiff is disabled.  For example, additional analysis or evidence would be required to conclude that someone who cannot concentrate for two hours at a time could not find or maintain a job and so is disabled.  Therefore, Dr. Velasco's opinions are not about an ultimate issue that is reserved for the Commissioner's decision.

---

[8] Residual functional capacity is defined as "the most [an applicant] can still do" in a work setting, after taking into account the physical and mental limitations caused by his or her impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Nonetheless, the Defendant argues that the Appeals Council could summarily dispose of Dr. Velasco's evidence because the Appeals Council in particular is not required to give a written explanation of the weight it gives to new evidence. (Dkt. 16 at 5-7.) By internal policy, the Appeals Council is not required to provide a "detailed discussion of additional evidence" that is submitted after the ALJ hearing. <u>Hearings, Appeals, and Litigation Law Manual</u> (HALLEX) section I-3-5-90, 2001 WL 34096367. The Court of Appeals for the Fifth Circuit has recognized that it "appears that the requirement of a detailed discussion of additional evidence was suspended" by this internal policy. <u>Higginbotham</u>, 405 F.3d at 335 n.1; <u>see also</u> <u>Jones v. Astrue</u>, 228 Fed. App'x 403, 406-07 (5th Cir. 2007) (per curiam) (unpublished) (Appeals Council is not required to explain the weight it gives to new evidence). However, the Fifth Circuit has not addressed the precise question at issue here, which is whether the Appeals Council must provide reasons for the non-controlling weight it gives to a <u>treating source's</u> opinion.[9] A specific regulation provides that the SSA "will

---

[9] Instead, again, <u>Higginbotham</u> noted generally, "It appears that the requirement of a detailed discussion of additional evidence" by the Appeals Council was suspended by HALLEX section I-3-5-90. 405 F.3d at 335 n.1. This statement was not a holding, and it did not distinguish between treating sources' opinions and other newly-submitted evidence. <u>Jones</u> held that the Appeals Council did not need to explain the weight it gave to a "psychological examination report." 228 Fed. App'x at 404, 406-7. Thus, the

11/14

<u>always</u> give good reasons" for the weight it gives to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (emphasis added). The regulation does not carve out an exception for the Appeals Council such that it alone does not need to give "good reasons" for the weight it assigns to treating sources' opinions. Thus, the general internal policy that allows the Appeals Council to summarily reject new evidence is trumped by the specific regulation that requires the SSA to give good reasons for the weight it assigns to treating sources' opinions.

The Appeals Council erred because it did not "give good reasons" for the weight it assigned to Dr. Velasco's opinion. <u>See</u> 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The Appeals Council therefore did not use the proper legal standard to evaluate the evidence, and its decision will be reversed. <u>See</u> <u>Newton</u>, 209 F.3d at 452 (on appeal, district court reviews whether Commissioner applied the proper legal standard in evaluating the evidence).

If credited, Dr. Velasco's opinions significantly undermine the ALJ's decision. Specifically, Dr. Velasco opined that Plaintiff would have to miss more than three days of work per

---

additional evidence in <u>Jones</u> was apparently an opinion from an examining source rather than a treating source, and therefore that case did not deal with the particular situation at issue here. <u>See</u> <u>id.</u>

month, would need to elevate her legs or lie down six to ten times a day, and could not regularly work forty-hour workweeks. (Tr. 474.) The sole vocational expert at the ALJ hearing testified that there would not be a significant number of jobs in the national economy available for someone who could not work "five days a week, eight hours a day on a regular and continuing basis." (Id. at 52-53.) The vocational expert also testified that someone who needed to lie down for "about 15 minutes extra in the mornings and afternoons" would be "unemployable." (Id. 53.) Based on this record, the Court finds that Dr. Velasco's opinion would likely have had a significant impact on the SSA's determination of whether the Plaintiff is disabled. Without knowing why the SSA did not give much weight to Dr. Velasco's opinion, the Court cannot determine that the SSA's decision is supported by substantial evidence. Therefore, the Court will remand the case to the SSA so that it can appropriately weigh this evidence. See Newton, 209 F.3d at 452 (on appeal, district court reviews whether Commissioner's decision is based on substantial evidence).

Several other district courts have similarly reversed and remanded SSA cases after finding that the Appeals Council erred by summarily disposing of newly-submitted treating source opinions. See, e.g., Lee v. Astrue, Civ. No. 3:10-CV-155-BH, 2010 WL 3001904 (N.D. Tex. July 31, 2010) (decided by Magistrate

Judge Ramirez by the consent of the parties); Jones v. Astrue, Civ. No. H-07-4435, 2008 WL 3004514 (S.D. Tex. Aug. 1, 2008) (decided by Magistrate Judge Stacy by the consent of the parties); Green v. Astrue, Civ. No. 3:07-CV-0291-L, 2008 WL 3152990 (N.D. Tex. July 30, 2008) (decided by District Judge Lindsay, accepting Report and Recommendation of Magistrate Judge Stickney); Stafford v. Comm'r of Soc. Sec. Admin., No. 1:01-CV-249, 2003 WL 1831064 (E.D. Tex. Feb. 11, 2003) (Report and Recommendation of Magistrate Judge Hines, adopted by District Judge Heartfield's order filed in that case's Dkt. 16). The Court's decision is therefore supported by significant case law from sister district courts.

## Conclusion

The Plaintiff's Motion for Summary Judgment (Dkt. 14) is GRANTED. The Defendant's Cross-Motion for Summary Judgment (Dkt. 16) is DENIED. In a separate order, the Commissioner's decision will be reversed, and the case will be remanded to the Commissioner. See 42 U.S.C. § 405(g).

DONE at Laredo, Texas, this 15th day of May, 2014.

_____
George P. Kazen
Senior United States District Judge